# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHELLE ANN ASHCRAFT,  )  3:11-cv-00383-LRH-WGC
        Plaintiff,  )
          )  **ORDER**
    vs.  )
WHITE PINE COUNTY HOSPITAL DISTRICT,  )
dba WILLIAM BEE RIRIE HOSPITAL &  )
CLINIC, *et al.*,  )
        Defendant  )

Before the court are Plaintiff Michelle Ann Ashcraft's Motion to Amend her Complaint (Doc. #19) and Motion to Strike the opposition of Defendant White County Hospital District, dba William Bee Ririe Hospital and Clinic ("Hospital"). (Doc. #23.) For the reasons stated below, both of Ashcraft's motions are denied.

## I. BACKGROUND

Plaintiff Michelle Ann Ashcraft's ("Ashcraft") proposed amended complaint alleges that Ashcraft worked at Defendant Hospital from September 2000 until her termination on April 7, 2010. (Doc. #19-1 at 3-4.) In December 2000, Ashcraft was diagnosed with multiple sclerosis. (*Id*. at 3.) As a result of her diagnosis, Ashcraft discovered that "she could no longer perform the [*sic*] at the same level in her position." (*Id.*) Accordingly, Ashcraft requested accommodations as well as a transfer. (*Id*.)

On March 15, 2010, Michael Layton ("Layton") the Hospital's Chief Financial Officer, informed Ashcraft that "the position was hers." (*Id*. at 4.) However, Ashcraft later learned that

Layton told other employees that "he did not wish to approve the transfer because he wanted to fire" Ashcraft. (*Id*.) The next day, Richard Kilburn ("Kilburn"), the Hospital's Chief Executive Officer, reiterated that Ashcraft's transfer was approved with no conditions. (*Id*.)

On April 7, 2010, Ashcraft was terminated. (*Id*.) On May 27, 2011, Ashcraft filed suit in the United States District Court for the District of Nevada alleging violations of Title VII and 42 U.S.C. §§ 2000e-2 and 2000e-3. (*Id*. at 4-5.) Additionally, Ashcraft pled various state law claims, including intentional infliction of emotional distress. (*Id*.)

On January 3, 2012, Ashcraft filed a motion to amend (Doc. #19) seeking to add Layton, Kilburn, and Vicki Pearce, the Hospital's Human Resource Manager, as defendants under the intentional infliction of emotional distress claim. (*Id*. at 3.) According to Ashcraft's proposed amended complaint (Doc. #19-1), Kilburn, Layton, and Pearce, along with the Hospital, intentionally inflicted Ashcraft with emotional distress. (Doc. #19-1 at 5:12-15.) Ashcraft's proposed amended complaint does not allege any additional causes of action against Kilburn, Layton, and Pearce. (*See id*.)

On January 20, 2011, the Hospital filed its opposition (Doc. #21) to Ashcraft's motion to amend, arguing that Ashcraft's proposed amended complaint is futile because Ashcraft has not alleged a plausible intentional infliction of emotional distress claim against Kilburn, Layton, or Pearce. In response, Ashcraft filed a motion to strike (Doc. #23), alleging that the Hospital's opposition is, in fact, a motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. *Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d 79, 84 (9th Cir. 1962). District courts are directed to apply this rule with "extreme liberality." *See, e.g.*, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997). In Nevada, Local Rule 15-1(a) requires that a plaintiff submit a proposed amended complaint along with the motion to amend. LR 15-1(a).

However, leave to amend is not absolute. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Among the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation, prejudice to the opposing party, and futility for lack of merit. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). A motion to amend a complaint is futile where the motion offers no new set of facts or legal theory, or fails to state a cognizable claim. *Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009); *see also Miller v. Skogg*, No. 10-01121 2011 WL 383948 at *4 (D. Nev. Feb. 3, 2011) (denying plaintiff's motion to amend as futile for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

## III. DISCUSSION

After reviewing the parties' motions and briefs, the court concludes that Ashcraft's motion to amend is futile and that her motion to strike is without merit. Several considerations support these conclusions. However, in order to clarify the nature of the motions before the court, as well as the court's holding, the court will first address Ashcraft's contention that the Hospital's opposition is a motion to dismiss "in disguise." (Doc. #23 at 2:13-14.)

*A.     Construing the Hospital's Opposition to Ashcraft's Motion to Amend*

As a preliminary matter, the court addresses Ashcraft's argument in her motion to strike (Doc. #23 at 2:13-14) that the Hospital's opposition (Doc. #21) to Ashcraft's motion to amend is not what it seems. According to Ashcraft, the Hospital's opposition "is actually a Motion to Dismiss disguised as an opposition." (Doc. #23 at 2:13-14.) This argument is meritless because the Hospital's opposition is not a motion to dismiss.

In support of Ashcraft's contention that the Hospital's opposition is a motion to dismiss, Ashcraft argues that the Hospital's motion is brought on behalf of Kilburn, Layton, and Pearce. As authority, Ashcraft cites Federal Rule of Civil Procedure 8(b)(1), which states that "pleadings must" be filed on behalf of parties to the action. Fed. R. Civ. P. 8(b)(1); (*see also* Doc. #23 at 2:18-23 outlining Ashcroft's understanding of the rule.)

Three problems face Ashcraft's assertion. First, briefs are not "pleadings." *See* Fed. R. Civ. P. 7(a). In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's answer. *Id.*; *see also Patton Boggs, LLP v. Chevron Corp.*, 791 F.Supp. 2d 13, 22 n.5

(D.D.C. 2011) (relying on *Black's Law Dictionary's* definition of "pleading" for the proposition that briefs are not pleadings).

Second, the fact that the Hospital is arguing against adding Kilburn, Layton, and Pearce does not warrant the conclusion, as Ashcraft assumes, that the Hospital is representing Kilburn, Layton, and Pearce. (*See* Doc. #23 at 2:15-25.) Rather, a more realistic interpretation of the Hospital's memorandum is that it is arguing against Ashcraft's proposed amendment due to its futility or that the Hospital wants to simplify and expedite litigation and, as a result, exclude Kilburn, Layton, and Pearce.

Third, if the court accepted Ashcraft's position, which it does not, the court would effectively handcuff the Hospital from opposing any of Ashcraft's amendments simply because the proposed amendment involves a third party. This would be improper. Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only *with the opposing party's written consent* or the court's leave." Fed. R. Civ. P. 15(a) (emphasis added). As the emphasized language indicates, the Federal Rules contemplate that opposing parties will participate in the amendment process. As a result, the court cannot strike the Hospital's brief and handcuff the Hospital from opposing Ashcraft's amendment.

Therefore, the court construes the Hospital's memorandum as a legitimately filed opposition and denies Ashcraft's Motion to Strike (Doc. #23) because it is meritless. However, because the court does not construe the Hospital's opposition as a motion to dismiss, none of Ashcraft's claims are dismissed.

**B.     *Ashcraft's Motion to Amend is Denied Because it is Futile***

As noted above, one of the ways in which futility of amendment is determined is by examining whether a motion to amend fails to state a cognizable claim. *See Gardner*, 563 F.3d at 991-92; *see also Miller*, 2011 WL 383948 at *4 (denying a motion to amend for failure to state a claim on which relief can be granted). In Nevada, the elements of a cause of action for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe

4

or extreme emotional distress and (3) actual or proximate causation." *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (Nev. 1995) (citing *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981).[1]

Extreme and outrageous conduct is conduct that exceeds all possible bounds of decency and is regarded as utterly intolerable in a civilized society. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998). Examples of extreme and outrageous conduct are recited in *Star v. Rabello*, 625 P.2d at 92. There, the Court recognized that recovery has been allowed when "a husband watched his wife die because the doctor refused to treat her [citation omitted], and when an illegitimate five year old sued her father's estate after she had witnessed her father kill her mother, was kept in a room with the body for seven days, and was forced to watch her father commit suicide [citation omitted]." *Id*. However, the Court also noted that recovery for intentional infliction of emotional distress was denied "when, after a boundary line dispute, plaintiff's husband was verbally abused and assaulted with a pitchfork by an irate neighbor." *Id*.

Although Nevada recognizes the tort of intentional infliction of emotional distress in the employment context, *see Shoen*, 896 P.2d at 469, Ashcraft has failed to proffer facts tending to indicate that Kilburn, Layton, or Pearce's alleged conduct was extreme and outrageous. As a result, for the reasons discussed below, the court concludes that Ashcraft has not stated a plausible claim against Kilburn, Layton, or Pearce. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### i.  *Ashcraft's Claim Against Kilburn is Implausible and, thus, Futile*

With regard to the allegations against Kilburn, Ashcraft's proposed amended complaint alleges that Kilburn intentionally inflicted Ashcraft with emotional distress because Kilburn told Ashcraft that he approved her transfer. (Doc. #19-1 at 4:17-20.) However, according to the proposed pleading, Ashcraft requested the transfer. (*Id*. at 4:9-11.) Consequently, the gravamen of Ashcraft's claim that Kilburn's conduct was extreme and outrageous is that Kilburn acquiesced

---

[1] When a decision turns upon applicable state law, the district court must make a reasonable determination, based upon such recognized sources as statutes, treatises, restatements and published opinions, as to the result that the highest state court would reach if it were deciding the case. *Molsbergen v. U.S.*, 757 F.2d 1016, 1020 (9th Cir. 1985) (citations omitted).

to Ashcraft's request. This conduct does not support a plausible claim for intentional infliction of emotional distress.

### ii. *Ashcraft's Claim Against Layton is Implausible and, thus, Futile*

With regard to the Layton allegations, Ashcraft alleges that Layton told "other employees" that "he did not wish to approve [Ashcraft's] transfer because he wanted to fire her." (*Id*. at 4:12-14.) In this instance, permitting amendment is futile for several reasons. First, Ashcraft had not indicated why or how Layton's alleged statement that he "wanted to fire" Ashcraft is extreme and outrageous on its face.

Second, Ashcraft has not alleged facts that would illuminate the context of Layton's alleged remark and, thus, enable the court to conclude that it was extreme and outrageous. For example, Ashcraft has not alleged how Layton uttered the remark, to whom he said it, what was said in response to Layton's alleged remark, or what prompted Layton's remark in the first instance. While not necessarily sufficient to demonstrate extreme and outrageous conduct, such facts would provide the necessary context, and therefore perhaps a plausible basis, for concluding that an otherwise Layton's remark was extreme and outrageous.

Third, Ashcraft has not indicated why Layton's alleged statement, which Ashcraft admits was not made in her presence, (*id*. at 4:12-14), was understood by Ashcraft to be extreme and outrageous. On the contrary, Ashcraft's admission in her proposed amended complaint that "she could no longer perform the [*sic*] at the same level in her position," (*id*. at 3:15-17), tends to indicate that she would not have understood Layton's remark to be extreme and outrageous even if it was said directly to her.

### iii. *Ashcraft's Claim Against Pearce is Implausible and, thus, Futile*

With regard to Pearce, Ashcraft's motion to amend is futile because she has failed to proffer any factual allegations whatsoever supporting her legal conclusion that Pearce inflicted Ashcraft with emotional distress. (*See generally* Doc. #19-1.) As a result, Ashcraft's allegation that Pearce inflicted Ashcraft with severe emotional distress is conclusory in the most extreme sense. It is precisely the sort of "the-defendant-unlawfully-harmed-me accusation" that *Iqbal* forbids. *Iqbal*, 556 U.S. at 662.

Accordingly, Ashcraft's motion to amend is denied as futile because she has not pled facts supporting a plausible claim of intentional infliction of emotional distress against Kilburn, Layton, or Pearce.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Ashcraft's motion to strike (Doc. #23) is **DENIED**. IT IS FURTHER ORDERED that Ashcraft's motion to amend (Doc. #19) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: March 21, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE